UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ENCORE SERIES Inc. d/b/a : | |
| THE PHILLY POPS : | |
|       Plaintiff : | |
| v. : | CIVIL ACTION NO. |
| : | |
| THE PHILADELPHIA ORCHESTRA : | |
| and KIMMEL CENTER, INC : | |
| d/b/a THE PHILADELPHIA : | |
| ORCHESTRA, THE KIMMEL : | |
| CENTER AND TICKET : | |
| PHILADELPHIA; AND : | |
| MATIAS TARNOPOLSKY : | |
|       Defendants : | JURY TRIAL DEMANDED |

## VERIFIED COMPLAINT

By this Complaint, Plaintiff Encore, Inc d/b/a Philly POPS, seeks preliminary and permanent injunctive relief and money damages against Defendants Philadelphia Orchestra - Kimmel Center, Inc. ("POKC") and its President and Chief Executive officer, Matias Tarnopolsky. As alleged below, Defendants have engaged and continue to willfully engage in unlawful, anticompetitive and predatory conduct with respect to the Philly POPS for the purpose and with the intent to force the Philly POPS out of business so that Philadelphia Orchestra could eliminate the Philly Pops as a competitor in and monopolize the market for live symphonic popular concert music concerts in the Greater Philadelphia Metropolitan Area.

### THE PARTIES

1. Plaintiff, Encore, Inc. d/b/a The Philly POPS, is a Pennsylvania Non-Profit Corporation with a principal place of business at 1518 Walnut Street, Philadelphia, PA 19102. The POPS has been preforming live symphonic popular concerts in the Philadelphia Metropolitan Area since 1979. When the Kimmel Center opened in 2001, the POPS became an inaugural resident of the Kimmel Center's Verizon Hall along with the Philadelphia Orchestra.

Between 2001 and May 2020—when the Kimmel Center was closed due to the COVID Pandemic—the POPS performed between 25 and 30 popular symphonic concerts per year at Verizon Hall including its sold-out Christmas Concerts on 8-10 dates in December and its Subscription Series seasonal concerts on 8-10 dates between September and May.  Verizon Hall is by far the best and most desirable indoor venue for both classical and popular symphonic music concerts and the POPS has historically derived nearly 70 % of its ticket sale revenue from concerts at Verizon Hall.  In addition, the POPS performs out- door concerts including a Memorial Day Weekend concert at the Mann Music Center and free symphonic popular music concerts on Independence Mall and The Parkway on July 3rd and 4th of each year.  In addition to its indoor and outdoor concerts, the POPS works with the Philadelphia School District in conducting supplemental music education in Philadelphia Schools serving at risk students including bi-lingual music instruction in the Philadelphia public schools serving Spanish heritage students.

2. Upon information and belief, POKC is a corporation organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at one South Broad Street, 14th Floor, Philadelphia, PA 19107.

3. In or about October of 2021 defendant POKC was formed by Philadelphia Orchestra, and the Kimmel Center as essentially their parent company, owning and controlling each of these formerly separately incorporated entities.  POKC also assumed control of Ticket Philadelphia, then a joint venture between the Philadelphia Orchestra and the Kimmel Center.  Ticket Philadelphia is the only online facility for purchasing thickets for events at the Kimmel Center, the Academy of Music, and Miller Theater.

4. In late 2021, Defendant Matias Tarnopolsky, the former President, and Chief Executive Officer of the Philadelphia Orchestra, became the President and Chief Executive Officer of POKC.

5. Upon information and belief, Defendant Matias is an adult individual whose office address is one South Broad Street, 14th Floor, Philadelphia, PA 19107.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. §§ 1331 and 1337, this Court has Jurisdiction over the Federal Antitrust Claims stated in this Complaint under § 2 of the Sherman Act, 15 U.S.C. § 2. Pursuant to 28 U.S.C. § 1391 and Section 12 of the Clayton Act, 15 U.S.C. § 22. Venue is proper in this Federal Judicial District because the Defendants regularly conduct business in and have their principal places of business in this District. Pursuant to § 4 of the Clayton Act, 15 U.S.C. § 15, Plaintiff is entitled to recover three-fold its actual damages and the cost of prosecuting this civil action including reasonable attorney's fees pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, Plaintiff is entitled to injunctive relief.

## RELEVANT FACTS

7. The Relevant Product and Geographic Markets in this case are live symphonic popular music concerts advertised and available to patrons located in the Greater Philadelphia Metropolitan Area which includes several counties in South and Central New Jersey and Northern Delaware. Symphonic popular music includes Broadway show music, movie music, Jazz, R&B and Rock and Roll. Popular symphonic music is highly differentiated from classical symphonic music, historically played by the Philadelphia Orchestra, in that it is marketed to different potential patrons and is attended by audiences with little duplication to those of the Philadelphia Orchestra. However, the Philadelphia Orchestra has entered the Symphonic

Popular Music market by scheduling and selling tickets for popular music concerts in the Spring of 2023.

8. Beginning in Fall, 2021 both the Philly POPS and the Philadelphia Orchestra, resumed their concerts at the Kimmel Center's Verizon Hall for the 2021-2022 Season.

9. Beginning in early 2022, however, and continuing to the present time, Defendants POKC and Tarnopolsky using their the leverage of their newly acquired ownership and control of the Kimmel Center and Ticket Philadelphia, willfully and intentionally embarked on a series of unlawful, anticompetitive and predatory conduct with respect to the Philly POPS, with the purpose and intent to force the Philly POPS to go out of business so that the Philadelphia Orchestra could eliminate competition between the Philly POPS and the Philadelphia Orchestra for concert dates and audiences at Verizon Hall and for corporate sponsorship, foundation, state and local grants and take over and to monopolize the market for live symphonic popular music in the Greater Philadelphia Metropolitan Area.

10. The foregoing anticompetitive and predatory activities undertaken by Defendants POKC and Tarnopolsky included:

- Substantially and unreasonably increasing the Kimmel Center fees for the Philly POPS to perform popular music concerts at Verizon Hall.

- Slowing down the production, distribution and/or sale of seasonal tickets by Ticket Philadelphia for previously scheduled concerts by the Philly POPS at Verizon Hall.

- Proposing to the Philly POPS that it go out of business at the end of its 2022-2023 season and transfer its assets and business to the Philadelphia Orchestra.

- Hiring a Public Relations Firm to create media messaging that the Philly POPS would go out of business at the end of the 2022-23 season and that the Philadelphia Orchestra would take over some or all of POPS concerts at Verizon Hall and elsewhere.

- The POPS considered this proposal but ultimately informed POKC that it was unable to accept it. Then Defendants POKC and Tarnopolsky demanded immediate payment of substantially escalated fees for the POPS' Christmas Concert Series in December 2002, and ticket fees for the remainder of the season, refused to negotiate a reasonable payment plan for these fees (as the Kimmel Center had done in many prior years) and summarily evicted the POPS from the Kimmel Center forcing the POPS to cancel and postpone its concerts at Verizon Hall and scramble for different but substantially less viable indoor venues for its already scheduled concerts.

- Defendant Tarnopolsky acting on behalf of the Philadelphia Orchestra and on his own behalf attempted to redirect grant monies previously earmarked for the Philly POPS to the Philadelphia Orchestra.

- Denying the POPS access to the Ticket Philadelphia Website for the purpose of ascertaining ticket sales for previously scheduled concerts at Verizon Hall and other venues.

## COUNT ONE
## ATTEMPTED MONOPOLIZATION IN VIOLATION OF 15 U.S.C.A § 2

11. Defendants POKC and Tarnopolsky have willfully and wrongfully attempted to obtain and maintain monopoly power in the live popular symphonic music relevant market in addition to its monopoly position in the live commercial classical symphonic music market in the Greater Philadelphia Area as defined above.

12. Defendants POKC and Tarnopolsky have acted with the specific intent to monopolize the live symphonic popular music concerts market in the Greater Philadelphia Metropolitan Area.

13. Defendants POKC and Tarnopolsky's exclusionary and anticompetitive conduct has created a dangerous probability that the Philadelphia Orchestra will successfully monopolize the relevant product and geographic market for live symphonic popular music concerts.

14. Defendants POKC and Tarnopolsky's anticompetitive and exclusionary conduct has injured competition and deprived customers of access to diverse product offerings and lower ticket prices.

15. The anticompetitive effects of POKC's conduct far outweigh any purported procompetitive justifications.

16. Substantial barriers to entry exist in the relevant market for potential competitors except the Philadelphia Orchestra.

17. As a direct result of POKC's exclusionary and anticompetitive conduct as alleged above, the Philly POPS, is estimated to incur injury to its business in excess of $2.5 million and continues to suffer injury to its business, including but not limited to lost ticket revenues, grants and contributions.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff, Encore Series, Inc. doing business as the Philly POPS, requests that the Court:

a. Award Plaintiff three-fold damages, along with the appropriate interest, and cost of suit including reasonable attorney's fees.

b. Preliminarily and permanently enjoin the Defendants from continued predatory conduct directed to the Philly POPS and order the Defendants to take affirmative action to reinstate the Philly Pops at Verizon Hall and take other steps to reverse the effects of the anticompetitive and predatory conduct alleged in this Complaint

/s/ *William A. DeStefano*
William A. DeStefano
Terri A. Pawelski
**SAXTON & STUMP**
123 South Broad Street, 28th Floor
Philadelphia, PA 19102

Counsel for Encore Series, Inc. d/b/a
The Philly POPS.

**VERIFICATION**

I, Karen Corbin, am the President and Chief Executive Officer of Encore Series, Inc. d/b/a The Philly POPS and was the Chief Operating Office of the Philly POPS during the time period relevant to the allegations of the foregoing Verified Complaint and have personal knowledge of the facts alleged in the Verified Complaint.  I hereby verify that the facts alleged in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

*/s/ Karen Corbin*
Karen Corbin, CEO, Encore Series, Inc.