UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENCORE SERIES Inc. d/b/a THE PHILLY POPS | : : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO.  2:23-cv-01421 |
| | : | |
| THE PHILADELPHIA ORCHESTRA and THE PHILADELPHIA ORCHESTRA AND KIMMEL CENTER, INC. | : : : : : | |
| | : | |
| Defendants | : | |

# ORDER

**AND NOW,** this _____ day of June, 2023, upon consideration of Plaintiff's Motion for a Limited Preliminary Injunction in the above-captioned antitrust litigation and any response thereto by Defendants, it his hereby **ORDERED** that an evidentiary hearing regarding Plaintiffs' Motion for Limited Preliminary Injunctive relief shall be scheduled for_____.
.

BY THE COURT

_____
**Honorable Mia R. Perez,
United States District Judge**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENCORE SERIES Inc. d/b/a | : | |
| THE PHILLY POPS | : | |
|         Plaintiff | : | |
|         v. | : | CIVIL ACTION NO.  2:23-cv-01421 |
| THE PHILADELPHIA ORCHESTRA | : | |
| and THE PHILADELPHIA | : | |
| ORCHESTRA AND KIMMEL | : | |
| CENTER, INC. | : | |
|         Defendants | : | |

**PLAINTIFF'S MOTION FOR LIMITED PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff, Encore Series, Inc. d/b/a the Philly POPS, ("Philly POPS"), by and through its undersigned attorneys, respectfully requests that the Court enter a limited preliminary injunction in the above-captioned civil action: 1) Requiring Defendant The Philadelphia Orchestra and Kimmel Center, Inc. ("POKC") to reinstate the Philly POPS at Verizon Hall in the Kimmel Center for the Performing Arts for the upcoming concert season (September 2023 – May 2024) pending trial on the merits of this litigation and 2) Requiring Defendant The Philadelphia Orchestra,  to cease and desist from utilizing the Philly POPS' proprietary customer data base and related information at Ticket Philadelphia, pending trial on the merits of the this litigation.

In support of this Motion, Plaintiff, the Philly POPS respectfully relies on the averments of the First Amended Verified Complaint (Dkt. No, 5) electronically filed and served on counsel for Defendants on May 17, 2023 and the Memorandum of Law attached to this Motion.

2

**WHEREFORE,** Plaintiff respectfully requests that the Court schedule a prompt evidentiary hearing on Plaintiff's Motion for Limited Preliminary Injunctive Relief followed by briefing by the parties as to the factual and legal basis for the requested preliminary injunctive relief.

Dated June 8, 2023.                             **RESPECTFULLY SUBMITTED,**


<u>/s/ *William A. DeStefano*</u>
William A. DeStefano
Terri A. Pawelski
**SAXTON & STUMP**
123 South Broad Street, 28th Floor
Philadelphia, PA  19102
*Counsel for Encore Series, Inc. d/b/a The Philly POPS*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENCORE SERIES Inc. d/b/a<br>THE PHILLY POPS<br>   Plaintiff<br>   v.<br><br>THE PHILADELPHIA ORCHESTRA<br>and THE PHILADELPHIA<br>ORCHESTRA AND KIMMEL<br>CENTER, INC.<br><br>   Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 2:23-cv-01421 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR AN EVIDENTIARY HEARING ON ITS MOTION FOR LIMITED PRELIMINARY INJUNCTIVE RELIEF**

I.   OVERVIEW OF RELEVANT ALLEGED FACTS

As alleged in the Amended Verified Complaint, for many years prior to January 2023 the Philly POPS and the Philadelphia Orchestra were the only two symphony orchestras regularly performing live symphony concerts in the Philadelphia Metropolitan Area during the indoor concert season extending from September through May. In 2001 they both became "inaugural residents" of the newly constructed Kimmel Center's Verizon Hall, a state of the art, acoustically suitable concert hall with a 2500 seat, unobstructed seating capacity. Except for part of the 2019-20 season and all of the 2020-21 season, both orchestras performed dozens of live symphony concerts each season at Verizon Hall during the September through May concert season.

In late 2021 the Philadelphia Orchestra and Kimmel Center, Inc ("POKC") was formed by the Philadelphia Orchestra and the Kimmel Center to acquire and manage the assets of both

4

entities as well as an internet ticketing and box office facility used by both orchestras, operating under the trade name of Ticket Philadelphia.  As alleged in the Amended Verified Complaint this combination of assets into the hands of the Philadelphia Orchestra violated §7 of the Clayton Act. 15 U.S.C. §1 precluding business consolidations that *may* substantially lessen competition or *tend to* create a monopoly in any relevant product and geographic market.  Through this combination of business assets, the Philadelphia Orchestra gained control over both the venue and the ticketing facility used by its only competitor—the Philly POPS—for the performance of live symphony concerts.

      Moreover, POKC, under the management and control of the Philadelphia Orchestra, used its newly acquired ownership and control over these facilities to embark on a series of predatory practices with the specific intent to monopolize the relevant product and geographic market. In brief, POKC substantially raised the per concert costs for the Philly POPS to perform at Verizon Hall, intentionally slowed down and ultimately refused the production and distribution of tickets by Ticket Philadelphia and tapped into the Philly POPS proprietary patron data base at Ticket Philadelphia apparently to obtain competitive intelligence for the purpose of solicitation by the Philadelphia Orchestra.  Further, POKC proposed that the Philly POPS announce a plan to go out of business at the end of the 2022-23 season surrendering its assets and future concerts at Verizon Hall to the Philadelphia Orchestra.  Then, when the Philly POPS declined to go along with this proposal, POKC summarily evicted it from Verizon Hall in January 2023 forcing the Philly POPS to postpone previously scheduled concerts for which it had already sold tickets through Ticket Philadelphia.  Thus, the Philadelphia Orchestra succeeded in becoming the only symphony orchestra regularly performing live symphony concerts in the Philadelphia Metropolitan Market.

## II.     DISCUSSION OF RELEVANT LEGAL PRINCIPLES

On the basis of the forgoing activities, the Philly POPS alleges in Count 2 of the Amended Complaint that POKC and the Philadelphia Orchestra combined, conspired and/or attempted to monopolize the relevant market for the regular performance of live symphony concerts in the Philadelphia Metropolitan area which includes Southern New Jersey and Delaware in addition to Southeastern Pennsylvania.  And by evicting the Philly POPS from Verizon Hall--an essential facility for the regular performance of live symphony concerts—the Philadelphia Orchestra, through POKC, succeeded in monopolizing the market by unlawfully eliminating the Philly POPS as its only competitor in violation of § 2 of the Sherman Antitrust Act, 15 U.S.C. §2.

We respectfully submit that Plaintiff has standing to challenge the Defendants' activities that allegedly violated both §7 of the Clayton Act and §2 of the Sherman Act as a private citizen under § 16 of the Clayton Act.  Plaintiff has alleged a threatened loss or damage of the type that the antitrust laws were designed to prevent and that flows directly from that which makes Defendants' activities unlawful under the relevant antitrust statutes.

In Order for an antitrust plaintiff to obtain preliminary injunctive relief pending trial on the merits, a district court must consider four factors: 1) whether the moving party has a reasonable probability of success on the merits of one or more of its claim(s); 2) whether irreparable harm will result if the relief sought is not granted; 3) whether the requested relief would result in greater harm to the non-moving party; and 4) whether the relief sought is in the public interest.  The first two factors are the most critical and the moving party must make a threshold showing on the first two factors before the District Court can proceed to balance all

four factors necessary to grant the requested preliminary relief. *22nd Century Technologies Inc. v. ILabs, Inc.  2023 WL 3409603 (3d Cir. 2023), (Citations omitted)*. See also *Tasty Baking Co. and Tastykake, Inc. v. Ralston Purina, Inc.* 653 F. Supp. 1250 (E.D. Pa. 1987) (preliminary injunction granted in antitrust litigation by private plaintiff pursuant to §7 of the Clayton Act and §2 of the of the Sherman Act.

Although the Philly POPS is ultimately seeking both divestiture and money damages pursuant to its claims under §7 of the Clayton Act, Plaintiff is not seeking any preliminary injunctive relief related to divestiture during this stage of the proceedings.  It is only requesting reinstatement at the Kimmel Center so that it may perform approximately 25 concerts at Verizon Hall during the 2023-2004 concert season.  It is also seeking that the Philadelphia Orchestra be enjoined and restrained from accessing its patrons' confidential and proprietary data and information that resides at Ticket Philadelphiaso that it could directly market and sell tickets for its symphony concerts during the 2023-2004 concert season to patrons of the Philly POPS.

A.  **Likelihood of Success on the Merits**

The Philly POPS is likely to be successful on the merits of its claims under both  §7 of the Clayton Act and §2 of the Sherman Act since there is substantial evidence that the Defendants willfully and intentionally attempted and conspired to force the Philly POPS to go out of business by evicting it the Philly POPS from Verizon Hall, an essential facility for the performance of both classical and popular symphony concerts in the Philadelphia Metropolitan Area, and also engaged in predatory practices with the purpose and intent to force the Philly POPS to cease doing business in the Philadelphia Metropolitan Area leaving the Philadelphia Orchestra as the sole competitor for the regular performance of symphony concerts in the relevant product and geographic markets.

B.  **Irreparable Harm**

The Philly POPS will suffer irreparable harm without the requested preliminary injunctive relief because there are currently no other feasible venues in the Philadelphia Metropolitan Area for it to perform the approximately 25 symphony concerts during the 2023-24 concert season, many of which are necessary to make up for the concerts that the Philly POPS sold tickets for through Ticket Philadelphia that were scheduled to be performed after the Philly POPS was wrongfully and illegally evicted from Verizon Hall by Defendant POKC.  Thus, without the ability to reschedule these concerts at Verizon Hall during the 2023-24 concert season, the Philly POPS will be forced to consider filing a bankruptcy petition given the situation with unredeemed tickets that were already sold.

C.  **Harm to the Non-Moving Party**

In addition, the requested preliminary injunctive relief would not result in any harm to the Philadelphia Orchestra or POKC since the Philly POPS concerts can be scheduled for dates and times not already scheduled by the Philadelphia Orchestra during the 2023-24 concert season. Thus, POKC would likely gain revenues from the sale of tickets to these concerts that they would otherwise forego with only the Philadelphia Orchestra occupying Verizon Hall during the 2023-24 season.

D.   **Public Interest**

We respectfully submit that it is in the public interest for the Philly POPS to continue to perform live symphony concerts at Verizon Hall pending trial on the merits of this litigation.  The Kimmel Center including Verizon Hall was built largely with public and private charitable funding.  For years, the public along with many local merchants have had the benefit of two

symphony orchestras performing live classical and popular symphony concerts at Verizon Hall. Consumers of live popular and classical concerts have also had the benefit of competition between the Philly POPS and the Philadelphia Orchestra.

Moreover, many tickets were already sold by the Philly POPS through Ticket Philadelphia which have yet to be redeemed due to the Philly POPS sudden eviction from the Kimmel Center by POKC.  Ticket Philadelphia has refused to honor refund requests from the patrons, so the only option is the performance of concerts by the Philly POPS during the 2023-24 season.

Finally, we submit that the facts pertaining to this litigation are both recent and proven by only a relatively few local witnesses and relatively few documents.  Thus, we submit that there is no need for depositions, interrogatories, or other forms of discovery and that a hearing on this Motion can be scheduled for an early date.

### III.     CONCLUSION

For the foregoing reasons, we respectfully request that the Court schedule a prompt hearing on Plaintiffs entitlement to limited injunctive relief pending trial on the merits of this civil action.

RESPECTFULLY SUBMITTED

/s/ *William A. DeStefano*
William A. DeStefano
Terri A. Pawelski
**SAXTON & STUMP**
123 South Broad Street, 28th Floor
Philadelphia, PA  19102

*Counsel for Encore Series, Inc. d/b/a The Philly POPS*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2023, a true and correct copy of the foregoing Motion for Limited Preliminary Injunctive Relief was served on the following counsel for Defendants by means electronic mail and the Eastern District of Pennsylvania's ECF filing and service system.

Steven A. Reed, Esquire
Morgan Lewis & Bockius
1701 Market Street
Philadelphia. PA 19102

/s/*William A. DeStefano*